1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CARLOS PERFINO;  JESS ZURANICH,     )
                                         )      2:09-cv-00833-GEB-KJM
12                Plaintiffs,            )
                                         )      STATUS (PRETRIAL
13           v.                          )      SCHEDULING) ORDER
                                         )
14   STATE OF CA DEPT. OF ALCOHOLIC      )
     BEVERAGE CONTROL (A.B.C.); STEVE    )
15   HARDY, Ex Officio;  ELIZABETH       )
     GRAZIA, Director;  LORI AJAX;       )
16   JUAN G. AYALA; HERIBERTO GARCIA,    )
                                         )
17                Defendants.            )
     ────────────────────────────────── )

18

19          The status (pretrial scheduling) conference scheduled for

20   June 29, 2009, is vacated since the parties indicate in the Joint

21   Status Report filed on June 15, 2009, ("JSR") that the following Order

22   should issue.

23            SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

24          The parties request in the JSR that they be allowed until

25   August 1,2009, to join additional parties or amend the pleading, is

26   denied since it is shown that it should be granted.  Therefore, no

27   further service, joinder of parties or amendments to pleadings is

28   permitted, except with leave of Court, good cause having been shown.

                                    1

DISCOVERY

All discovery shall be completed by January 4, 2010.  In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.[1]

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)(c)(i)'s initial expert witness disclosure requirements on or before August 4, 2009, and with any contradictory and/or rebuttal expert disclosure authorized under Rule 26(a)(2)(c)(ii) on or before September 4, 2009.

MOTION HEARING SCHEDULE

The last hearing date for motions shall be March 8, 2010, at 9:00 a.m.[2]

Motions shall be filed in accordance with Local Rule 78-230(b).  Opposition papers shall be filed in accordance with Local Rule 78-230(c).  <u>Failure to comply with this local rule may be deemed consent to the motion and the Court may dispose of the motion</u>

---

[1]    The parties are advised that the Magistrate Judges in the Eastern District are responsible for resolving discovery disputes.  <u>See</u> Local Rule 72-302(c)(1).  Accordingly, counsel shall direct all discovery-related matters to the Magistrate Judge assigned to this case.  A party conducting discovery near the discovery "completion" date runs the risk of losing the opportunity to have a judge resolve discovery motions pursuant to the Local Rules.

[2]    This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

summarily.  Brydges v. Lewis, 18 F.3d 651, 652-53 (9th Cir. 1994).
Further, failure to timely oppose a summary judgment motion may result
in the granting of that motion if the movant shifts the burden to the
nonmovant to demonstrate a genuine issue of material fact remains for
trial.  Cf. Marshall v. Gates, 44 F.3d 722 (9th Cir. 1995).

Absent highly unusual circumstances, reconsideration of a
motion is appropriate only where:

(1)  The Court is presented with newly discovered evidence
that could not reasonably have been discovered prior to the filing of
the party's motion or opposition papers;

(2)  The Court committed clear error or the initial decision
was manifestly unjust; or

(3)  There is an intervening change in controlling law.
A motion for reconsideration based on newly discovered evidence shall
set forth, in detail, the reason why said evidence could not
reasonably have been discovered prior to the filing of the party's
motion or opposition papers.  Motions for reconsideration shall comply
with Local Rule 78-230(k) in all other respects.

The parties are cautioned that an untimely motion
characterized as a motion in limine may be summarily denied.  A motion
in limine addresses the admissibility of evidence.

FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for May 17, 2010, at
3:30 p.m.  The parties are cautioned that the lead attorney who WILL
TRY THE CASE for each party shall attend the final pretrial
conference.  In addition, all persons representing themselves and
appearing in propria persona must attend the pretrial conference.

The parties are warned that non-trial worthy issues could be

1  eliminated *sua sponte* "[i]f the pretrial conference discloses that no

2  material facts are in dispute and that the undisputed facts entitle

3  one of the parties to judgment as a matter of law." Portsmouth Square

4  v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

5        The parties shall file a JOINT pretrial statement no later

6  than seven (7) calendar days prior to the final pretrial conference.[3]

7  The joint pretrial statement shall specify the issues for trial and

8  shall estimate the length of the trial.[4]  The Court uses the parties'

9  joint pretrial statement to prepare its final pretrial order and could

10  issue the final pretrial order without holding the scheduled final

11  pretrial conference. See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th

12  Cir. 1999) ("There is no requirement that the court hold a pretrial

13  conference.").

14        If possible, at the time of filing the joint pretrial

15  statement counsel shall also email it in a format compatible with

16  WordPerfect to: geborders@caed.uscourts.gov.

17                          TRIAL SETTING

18        Trial shall commence at 9:00 a.m. on August 31, 2010.

19                          MISCELLANEOUS

20        The parties are reminded that pursuant to Federal Rule of

21  Civil Procedure 16(b), the Status (Pretrial Scheduling) Order **shall**

22  ───────────────

23        [3]    The failure of one or more of the parties to participate in

24  the preparation of any joint document required to be filed in this case
   does not excuse the other parties from their obligation to timely file

25  the document in accordance with this Order.  In the event a party fails
   to participate as ordered, the party or parties timely submitting the

26  document shall include a declaration explaining why they were unable to
   obtain the cooperation of the other party.

27        [4]    **The joint pretrial statement shall also state how much time**

28  **each party desires for voir dire, opening statements, and closing**
   **arguments.**

4

1 | **not be modified except by leave of Court upon a showing of good cause.**

2 | **Counsel are cautioned that a mere stipulation by itself to change**

3 | **dates does not constitute good cause.**

4 | IT IS SO ORDERED.

5 | Dated:  June 22, 2009

GARLAND E. BURRELL, JR.
United States District Judge