IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
CARLOS PERFINO; JESS ZURANICH,    )
                                  )
          Plaintiffs,             )    2:09-cv-00833-GEB-KJM
                                  )
     v.                           )    ORDER
                                  )
EX OFFICIO STEVE HARDY,           )
DIRECTOR OF THE STATE OF          )
CALIFORNIA DEPARTMENT OF ALCOHOLIC)
BEVERAGE CONTROL [A.B.C.];        )
ELIZABETH GRAZIA OF THE A.B.C.;   )
LORI AJAX OF THE A.B.C.; JUAN G.  )
AYALA; HERBITO GARCIA,            )
                                  )
          Defendants.             )
                                  )
```

Defendants the State of California Department of Alcoholic Beverage Control ("ABC"), Steve Hardy, Elizabeth Grazia, and Lori Ajax move for dismissal of Plaintiffs' four claims alleged against these movants under Federal Rule of Civil Procedure ("Rule") 12(b)(6), arguing Plaintiffs fail to state a claim upon which relief can be granted. However, Plaintiff conceded at the hearing on the motion that ABC is not sued and that the reference to the "State of California" is merely for the purpose explaining the entity that employs the named defendants; these Defendants are referenced herein collectively as "the State Defendants." Plaintiffs oppose the motion.

1

## STANDARD

On a motion to dismiss, the Court must assume the truthfulness of all material facts alleged and construe all inferences reasonably to be drawn from the facts in favor of the responding party. NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). To survive a motion to dismiss, a plaintiff needs to plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Dismissal is appropriate, however, where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

## DISCUSSION

Plaintiffs Carlos Perfino and Jess Zuranich allege federal and state claims against the State Defendants based on the allegations that the State Defendants destroyed Plaintiffs' business opportunity to have a bar when the State Defendants refused to transfer a liquor license to a limited liability company ("the LLC"), which Plaintiffs created with two other men as the business to operate a Latino-themed bar. (Compl. ¶¶ 14, 17-20.) Defendant Juan Ayala, one of the four referenced men, agreed to transfer his liquor license from a previously owned bar to the LLC, in exchange for one-fourth interest in the LLC. (Compl. ¶ 16.) ABC employee Gravia told these men before the liquor license could be transferred to the LLC, all four men would have to be named on the liquor license. (Compl. ¶ 17.) Although a temporary license was issued, Defendant Ajax subsequently "told [Plaintiff] Perfino that he could not be on the liquor license, lease, or anything, because Perfino was a correctional officer employed at

. . . Folsom State Prison [in California]." (Compl. ¶ 19.) Ajax relied on Title 4 of the California Code of Regulations, section 62 ("Section 62") as the basis for denying Perfino a liquor license, stating that Perfino's status as a California correctional officer prohibited him from having a liquor license. (Compl. ¶¶ 19-22; 24-25.) Section 62 states in relevant part:

> No license authorized by the Alcoholic Beverage Control Act shall be held by, or issued or transferred to, *any person holding office in, or employed by, any agency of the State of California or any of its political subdivisions when the duties of such person have to do with the enforcement of the Alcoholic Beverage Control Act or any other penal provisions of law of this State prohibiting or regulating the sale, use, possession or manufacture of alcoholic beverages*. This rule is deemed to apply specifically, but without limiting its effect, to any persons employed in the Department of Justice of the State of California, in any district attorney's office, in any sheriff's office, in any local police department, or in the Department of Alcoholic Beverage Control. This rule shall not prohibit the ownership of any license interest by any local law enforcement officer or local reserve law enforcement officer where the licensed premises are located in a county other than that in which he is employed as a law enforcement officer. *This rule shall apply to any person mentioned herein who has any ownership interest, directly or indirectly, in any business to be operated or conducted under an alcoholic beverage license* . . . .

CAL. CODE REGS. tit. 4, § 62 (emphasis added).

Plaintiffs argue this reliance on Section 62 as the basis for denying the liquor license violated their equal protection, procedural and substantive due process, and takings constitutional rights. Perfino, however, is the only Plaintiff who alleges he could not be on the liquor license. (Compl. ¶ 19.) However, Plaintiff Zuranich has not shown he has standing to challenge the refusal to issue Plaintiff Perfino a liquor license. "[A] plaintiff generally cannot rest his claim to relief on the legal rights or interests of

1  third parties." Wedges/Ledges of California, Inc. v. City of Phoenix,
2  Ariz., 24 F.3d 56, 62 (9th Cir. 1994)(internal citation and quotations
3  omitted).  Since Plaintiff Zuranich has not shown he has standing to
4  challenge denial of the liquor license to Perfino, the State
5  Defendants' motion to dismiss Zuranich's federal claims is granted.
6           The State Defendants also seek dismissal of Perfino's
7  Fourteenth Amendment equal protection claim arguing essentially that
8  use of Section 62 to bar Perfino from getting a liquor license was not
9  illegal since a rational basis for the exclusion of California
10 correctional officers has been explained in cases interpreting Section
11 62.  However, the State Defendants fail to provide any authority
12 showing that what is prescribed in Section 62 applies to a
13 correctional officer in Perfino's situation.  Therefore, this
14 portion of the State Defendants' motion is denied.
15          The State Defendants also seek dismissal of Perfino's
16 Fourteenth Amendment procedural due process and substantive due
17 process claims, arguing Perfino does not allege a sufficient property
18 right required to sustain these claims.  Perfino alleges the temporary
19 liquor license and his business interests in the bar are property
20 rights protected by the Due Process Clause.  (Compl. ¶¶ 42-48.)  The
21 State Defendants counter these claims fail because Perfino lacks a
22 property right in the liquor license he sought, and his business
23 interest in the LLC is not a sufficient property right.
24          "The substantive component of the Due Process Clause
25 protects those rights that are 'fundamental,' that is, rights that are
26 'implicit in the concept of ordered liberty.' Fundamental rights are
27 those rights created by the Constitution.  Property interests, of
28 course, are not created by the Constitution. Rather they are created

4

and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." <u>Greenbriar Village, L.L.C. v. Mountain Brook, City</u>, 345 F.3d 1258, 1262 (11th Cir. 2003)(internal citations and quotations omitted).

California state liquor license law at issue recognizes that "a liquor license has certain attributes of property. It certainly has value and is sold commercially. But it is a type of property which the state, under the police power, has the power to control and regulate." <u>Reece v. Alcohol Beverage Control Appeal Board</u>, 64 Cal.App.3d 675, 688 (1976). "It is well settled [in California] that the right to possess, make or deal in intoxicating liquor is not a privilege, nor such a property right that state legislation prohibiting, restricting, or regulating its manufacture, use, possession, distribution, or sale violates the Fourteenth Amendment of the Federal Constitution." <u>Cooper v. State Bd. Of Equalization</u>, 137 Cal.App.2d 672, 679 (1955) (citing <u>State Board of Equalization v. Superior Court</u>, 5 Cal.App.2d 374, 377 (1935)(internal quotations omitted)). Therefore, Perfino's substantive due process claim predicated on a "state-granted and-defined property right in the [liquor license] permit" fails to allege a viable substantive due process claim, and this claim is dismissed. <u>Greenbriar Village</u>, 345 F.3d at 1262.

Nor has Perfino alleged a viable procedural due process claim. "'Due process' cases typically focus on whether governments can take away property without affording its owner an adequate notice and opportunity to be heard. When courts analyze a procedural due process claim or its analytically related cousin-substantive due process (it arises when a government egregiously or arbitrarily deprives one of his property)-they variously examine three things: (1)

whether there is enough of a property interest at stake to be deemed "protectable"; (2) the amount of process that should be due for that protectable right; and (3) the process actually provided, be it before or after the deprivation. Sometimes courts can moot the examination of one or two of those analytical components by passing on another." Id. at 1264 (internal citations and quotations omitted). Here, since Perfino has not alleged a sufficient federally protectable property right, "no procedural due process claim exists" because "a sufficiently certain property right under state law [has not been] shown. " Id. at 1265. Therefore, this claim is dismissed.

Nor are Perfino's allegations that his business interests in the LCC denied him a property interest sufficient to withstand the dismissal motion since they are based on unsupported conclusory statements, which are insufficient to allege a sufficient federally protectable property right. Therefore, this claim is dismissed.

The State Defendants also seek dismissal of Perfino's Fifth Amendment takings claim. To "state a claim under the Takings Clause of the Fifth Amendment, [Perfino] must first establish that he possesses a constitutionally protected interest in the property taken." Abney v. Alameida, 334 F.Supp.2d at 1228 (citing McIntyre v. Bayer, 339 F.3d 1097, 1099 (9th Cir. 2003)). Since Perfino has failed to allege sufficient facts showing he possesses a constitutionally protected interest in the property at issue, this claim is dismissed.

The State Defendants also seek dismissal of Plaintiffs' state inverse condemnation claims for lack of a property interest. To allege an inverse condemnation claim under the California Constitution, a constitutionally protected property right must exist.

6

Since Perfino has failed to allege a property right under California law, this claim is dismissed.

Further, Defendant Hardy seeks dismissal of Perfino's official and individual capacity claims against him, arguing they are insufficient to state viable claims. Perfino counters his official capacity allegations against Hardy are under In Ex parte Young, 209 U.S. 123 (1908). However, Perfino alleges state injunctive and declaratory relief claims in paragraph VII of his Complaint, which are too unclear to state a viable claim. The claims in paragraph VII are therefore dismissed.

However, Hardy has not shown that Perfino's official capacity suit against him for prospective relief is not a viable claim since Perfino's equal protection claim has survived the State Defendants' motion. But to the extent Perfino seeks retrospective relief (including any damages) in his official capacity suit against Hardy, those claims are dismissed. Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003)("Under the doctrine of Ex parte Young, suits against an official for prospective relief are generally cognizable, whereas claims for retrospective relief (such as damages) are not."). Hardy's motion to dismiss Perfino's individual capacity suit against him based on Perfino's equal protection claim is denied.

The State Defendants also seek dismissal of Plaintiffs' interference with contractual relations and intentional inducement of breach of contract claims against Grazia and Ajax. Grazia and Ajax argue they are immune from liability for these claims under California Government Code sections 818.4, 820.2, and 821.2. Grazia and Ajax have not provided sufficient authority that these immunities apply to them, and admitted through counsel at the hearing on this motion

7

counsel did not have authority other than the text of the above California Government Code sections.  Since this authority does not clearly show the motion should be granted, it is denied.

## CONCLUSION

For the reasons stated above, the State Defendants' motion to dismiss is denied in part and granted in part.  Plaintiffs requested that they be granted leave to file an amended complaint if any portion of the motion is granted.  Plaintiffs have ten days leave from the date on which this order is filed to file an amended complaint addressing any deficiency Plaintiffs opine they can cure.

Dated:  October 5, 2009

GARLAND E. BURRELL, JR.
United States District Judge