IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CARLOS PERFINO AND JESS ZURANICH, | ) ) | 2:09-cv-00833-GEB-KJM |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING PLAINTIFFS' |
| v. | ) | MOTION FOR RECONSIDERATION* |
| | ) | |
| STEVE HARDY, DIRECTOR; ELIZABETH GAVIA, LORI AJAX, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

        Plaintiffs move for reconsideration of the Court's July 2, 2010, "Order Granting Defendants' Motion for Summary Judgment on Plaintiff Perfino's Federal Claim & Dismissing Plaintiffs' Remaining State Claim under 28 U.S.C. § 1367(c)(3)" under Federal Rule of Civil Procedure ("Rule") 60(b).  In essence, Plaintiffs argue they should be excused from failing to submit certain evidence in opposition to Defendants' summary judgment motion because they were not on notice of the "class of one" equal protection issue raised in the July 2, 2010, Order.  For the reasons stated below, Plaintiffs' reconsideration motion is DENIED.

---

        *    This matter is deemed to be suitable for decision without oral argument.  E.D. Cal. R. 230(g).

## I. BACKGROUND

Defendants argued in their summary judgment motion that they were entitled to prevail on Plaintiff Perfino ("Perfino")'s federal equal protection claim and Plaintiffs' state interference with contract claim. Summary judgment was granted on Perfino's equal protection claim on July 2, 2010, on two grounds: 1) Perfino was not "ready and able to apply for the [subject] liquor license[,]" and 2) Perfino's "class of one" allegations were unsupported by facts in the summary judgment record. (Order Granting Defs.' Mot. for Summ. J. ("Order") 9:7-16, 10:10-12, ECF No. 64.) Plaintiffs' remaining state law interference with contract claim was dismissed without prejudice under 28 U.S.C. section 1367(c)(3). (Id. 12:12-16.)

## III. DISCUSSION

Plaintiffs argue the Court should reconsider the July 2, 2010, Order based upon their "mistake, inadvertence, surprise, or excusable neglect" in not supplying available evidence to support Perfino's "class of one" claim because the "issue/doctrine was not raised by the defendants in their moving papers . . . nor . . . during the course of litigation in this matter." (Pls.' Mem. of P.&A.'s in Supp. of Mot. for Reconsideration ("Mot.") 7:10-12, 7:14-16, 7:26-27.) Plaintiffs also argue in their reply brief that reconsideration is warranted "for any other reason that justifies relief" under Rule 60(b)(6). (Pls.' Reply Brief in Supp. of Mot. for Reconsideration ("Reply") 6:1-2.) However, since the Rule 60(b)(6) argument was made for the first time in Plaintiffs' reply, it is considered waived and need not be addressed. See United States v. Anderson, 472 F.3d 662, 668 (9th Cir. 2006) ("Issues raised for the first time in an appellant's reply brief are generally deemed waived."); Zamani v. Carnes, 491 F.3d 990, 997 (9th

Cir. 2007)("The district court need not consider arguments raised for the first time in a reply brief.")

Defendants oppose the motion, arguing "[n]one of the three criteria [permitting reconsideration] exist in this case." (Defs.' Opp'n to Mot. for Reconsideration ("Opp'n") 2:2-3.) Defendants contend, inter alia, they showed Perfino cannot prevail on his equal protection claim since he was not "ready and able to apply for a liquor license," and the evidence Plaintiffs seek to present in opposition to Defendants' summary judgment motion is not "new evidence" required to justify reconsideration since it was available at the time Plaintiffs opposed Defendants' summary judgment motion. (Opp'n 3:20-26, 4:13-16.)

"A district court may reconsider its grant of summary judgment under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment)." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). However, "[a]bsent 'highly unusual circumstances,' reconsideration of a final judgment is appropriate only where (1) the court is presented with newly-discovered evidence, (2) the court committed 'clear error or the initial decision was manifestly unjust,' or (3) there is an intervening change in the controlling law." Calif. Dump Truck Owners Ass'n v. Davis, 302 F.Supp.2d 1139, 1140 (E.D. Cal. 2002)(quoting ACandS, Inc., 5 F.3d at 1263).

Plaintiffs have not shown that reconsideration is appropriate. The evidence Plaintiffs argue justifies reconsideration is not "newly-discovered" evidence since it was available before Plaintiffs filed their opposition to Defendants' summary judgment motion. (Mot. 9:5-8, 9:14-16, 10:13-20.) See Frederick S. Wyle Prof. Corp. v. Texaco, Inc., 764 F.2d 604, 609 (9th Cir. 1985)(stating evidence available to party

before it filed its opposition to a summary judgment motion was not "newly discovered evidence" warranting reconsideration.)

Further, Plaintiffs have not shown that the Court committed clear error in granting summary judgment. Plaintiffs' argument that the "class of one" doctrine "had not been raised at all throughout the litigation of this matter" is incorrect. (Mot. 5:6-9.) The March 29, 2010, Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint expressly construed Perfino's equal protection claim as a "class of one" claim. (Docket No. 53, 11:15-12:5.) Even assuming *arguendo*, that Plaintiffs did not have, and should have been provided, notice of the "class of one" equal protection issue, the evidentiary record makes it manifestly clear that it was Ayala's decision to withdraw his liquor license application that prevented Perfino from being able to apply for the liquor license at issue, not the Defendants' alleged arbitrary treatment of Perfino.

Therefore, Plaintiffs' motion for reconsideration is denied.

Dated:  August 24, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge